786 F.2d 202
 1986-1 Trade Cases 67,011
 RACETRAC PETROLEUM, INC., a Delaware Corporation, Appellant,
v.
PRINCE GEORGE'S COUNTY; Prince George's County Planning
Board of the Maryland-National Capital Park and Planning
Commission; District Council of Prince George's County;
Council Member Gerard T. McDonough; Council Member William
Amonett; Council Member Frank P. Casula; Council Member
Parris N. Glendening; Council Member Sarah Ada Koonce;
Council Member Ann Landry Lombardi; Council Member Sue V.
Mills; Council Member Floyd Wilson; Zoning Examiner Barry
S. Cramp; Greater Washington/Maryland Service Station
Association and Vic Rasheed, Appellees,
and
Council Member Deborah Marshall (Prior Council Member);
Council Member David G. Hartlove, Jr. and "John Does," the
individual members of the Greater Washington/Maryland
Service Station Association whose names and addresses are
unknown at the present time, Defendants.
 No. 85-1272.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 5, 1986.
Decided March 24, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore; Norman P. Ramsey, District Judge. (C/A 83-3073).
 Thomas J. Hamilton (Collier, Shannon, Rill & Scott, Washington, D.C., on brief), for appellant.
 Peter H. Gunst (Clifford C. Whitney, III, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., on brief), for appellee The Greater Washington/Maryland Service Station Ass'n.
 Steven M. Gilbert (Thomas P. Smith, Michael O. Connaughton, Upper Marlboro, Md., on brief), for appellee Prince George's County, Md.
 Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Racetrac Petroleum, Inc. appeals from a summary judgment grant[1] to the defendants, rejecting Racetrac's contentions that anti-trust violations had occurred in the course of the denial by Maryland's Prince George's County of Racetrac's application for a special zoning exception to allow a gasoline station on property it had contracted to acquire, conditional upon obtention of the necessary approval from the County to operate a retail gasoline outlet on the site.
 
 
 2
 The district court, in a thorough and well-reasoned opinion, has given searching attention to the claims that 1) the state action doctrine did not authorize the zoning ordinance, so as to insulate Prince George's County from liability; 2) the language of the Sherman Anti-Trust Act preempted operation of the provisions of the Prince George's County zoning ordinance requiring, in order for an exception to be granted, a determination, inter alia, that the proposed use is necessary to the public in the surrounding area; and 3) the Noerr-Pennington doctrine did not extend so far as to protect activities of the Greater Washington/Maryland Service Station Association which actively opposed grant of the exception.
 
 
 3
 The district judge's opinion has been supplemented by two recent Supreme Court decisions, Town of Hallie v. City of Eau Claire, --- U.S. ----, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985); Fisher v. City of Berkeley, California, --- U.S. ----, 106 S.Ct. 1045, 89 L.Ed.2d 206 (1986). To the extent those two cases are pertinent, they lend further support to the result reached by the district judge.
 
 
 4
 Accordingly, we affirm on the basis of the district court's opinion, as so supplemented. Racetrac Petroleum, Inc. v. Prince George's County, 601 F.Supp. 892 (D.Md.1985).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The parties filed cross-motions for summary judgment and agreed that no disputed issues of fact remained unresolved